UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY B. JACKSON,

       Petitioner,

                          CASE NO. 05-CV-60131
v.                               HONORABLE JOHN CORBETT O'MEARA

KENNETH T. MCKEE,

       Respondent.
                                        /

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS BUT GRANTING A CERTIFICATE OF APPEALABILITY**

**I.    Introduction**

Petitioner Roy B. Jackson, a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his convictions for first-degree felony murder and possession of a firearm during the commission of a felony which were imposed following a jury trial in the Wayne County Circuit Court in 2002. Petitioner was sentenced to life imprisonment without the possibility of parole and a consecutive term of two years imprisonment on those convictions. In his pleadings, Petitioner raises claims concerning the waiver of his *Miranda* rights and the voluntariness of his confession and the admission of hearsay statements by a non-testifying co-defendant. For the reasons stated, the petition for writ of habeas corpus is denied, but a certificate of appealability is granted.

**II.    Facts and Procedural History**

Petitioner's convictions arise from the armed robbery and shooting death of Hani Zebib

at his Dollar Value Plus store in Detroit, Michigan on December 11, 2000. Petitioner was tried by separate jury with co-defendants Tykee Ross and Demel Dukes. The main evidence implicating Petitioner in the crime was his confession to police and a statement co-defendant Ross made to a mutual friend implicating Petitioner in the crime. Petitioner's brief, submitted by counsel, sets forth a detailed account of the relevant facts. This Court accepts the factual allegations contained in the habeas petition insofar as they are consistent with the record, as Respondent has not disputed them. *See Dickens v. Jones*, 203 F. Supp.2d 354, 360 (E.D. Mich. 2002).[1]

At the close of trial, the jury found Petitioner guilty of first-degree felony murder, armed robbery, and possession of a firearm during the commission of a felony. The trial court subsequently sentenced him to life imprisonment without the possibility of parole on the murder conviction, a concurrent term of 18-30 years imprisonment on the robbery conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, asserting several claims of error, including those contained in the present petition. The Michigan Court of Appeals affirmed Petitioner's murder and felony firearm convictions, but vacated his armed robbery conviction on double jeopardy grounds. *People v. Jackson*, No. 240370, 2003 WL 22439719 (Mich. Ct. App. Oct. 28, 2003) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Jackson*, 470 Mich. 873, 687 N.W.2d 293 (2004).

---

[1] Additional facts may be included in the body of the opinion as necessary to resolve the issues in this case.

Petitioner, through counsel, thereafter filed the present habeas petition, raising the following claims as grounds for relief:

> I. The state court unreasonably applied federal law in concluding that Mr. Jackson knowingly and intelligently waived his *Miranda* rights and that his custodial statements were voluntary.
>
> II. The state court violated Mr. Jackson's confrontation rights by admitting the hearsay statements of Tykee Ross at Jackson's trial.

Respondent has filed an answer to the petition asserting that it should be denied on the merits.

### III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, the AEDPA requires that this Court presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.    Analysis**

    A.    *Miranda* Violation Claim

Petitioner first asserts that he is entitled to habeas relief because he did not knowingly, intelligently, and voluntarily waive his *Miranda* rights such that his confession was involuntary. In *Miranda v. Arizona*, 384 U.S. 436 (1966), the United States Supreme Court held that statements made during a custodial interrogation of a suspect are inadmissible at trial unless the defendant has voluntarily and knowingly waived certain rights prior to making those statements. The Supreme Court defined "custodial interrogation" as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.* at 444.

A defendant's waiver of his *Miranda* rights must be found, based upon the totality of the circumstances, to be voluntary, knowing, and intelligent. *See Moran v. Burbine*, 475 U.S. 412, 421 (1986). Courts have generally found that no single factor of the accused's individual characteristics is dispositive when deciding whether a valid waiver of rights was executed. However, the Constitution does not require that a criminal suspect know and understand every possible consequence of a waiver of his or her Fifth Amendment rights. *See Colorado v. Spring*, 479 U.S. 564, 574 (1986). Whether a defendant understood his *Miranda* rights is a question of fact underlying the question of whether his waiver of those rights was knowing and

intelligent. Thus, on federal habeas review, a federal court has to presume that the state court's factual finding that a defendant fully understood what was being said and asked of him is correct unless the petitioner shows otherwise by clear and convincing evidence. *See Valdez v. Ward*, 219 F.3d 1222, 1231 (10th Cir. 2000); *see also Henderson v. DeTella*, 97 F.3d 942, 946 (7th Cir. 1996).

Citing *Miranda*, the Michigan Court of Appeals found that Petitioner understood his rights and voluntarily waived them before making statements to police. *See Jackson*, 2003 WL 22439719 at *2-3. This Court concludes that the Michigan Court of Appeals' decision is consistent with *Miranda* and constitutes a reasonable application of federal law. Further, the decision is based on a reasonable determination of the facts in light of the evidence presented. The record reveals that police officers advised Petitioner of his *Miranda* rights, that he read each right aloud, that he said that he understood those rights, and that he signed a waiver form prior to questioning. While conflicting evidence was presented at the pre-trial hearing regarding Petitioner's intelligence level and reading capability, the prosecution's expert witness, Dr. Edith Montgomery, testified that she interviewed Petitioner and believed that he was capable of understanding his *Miranda* rights. Dr. Montgomery found that Petitioner was able to paraphrase his *Miranda* rights accurately so as to demonstrate his understanding of those rights. Further, the record reveals that Petitioner was 17 years old, had a 10th grade education (albeit a 3rd grade reading level), and had prior experience with the criminal justice system at the time he waived his rights and gave his police statement. Given these circumstances, the Court concludes that the Michigan Court of Appeals reasonably determined that Petitioner knowingly and voluntarily waived his *Miranda* rights. Habeas relief is therefore not warranted

6

on this claim.

Petitioner also asserts that his confession was involuntary. The Fifth Amendment privilege against compulsory self-incrimination bars the admission of involuntary confessions. *See Colorado v. Connelly*, 479 U.S. 157, 163-64 (1986). A confession is considered involuntary if: (1) the police extorted the confession by means of coercive activity; (2) the coercion in question was sufficient to overbear the will of the accused; and (3) the will of the accused was in fact overborne "because of the coercive police activity in question." *McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir. 1988). The voluntariness of a confession is a mixed question of law and fact. *Thompson v. Keohane*, 516 U.S. 99, 108-11 (1995). In determining whether a confession is voluntary, the ultimate question is "whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution." *Miller v. Fenton*, 474 U.S. 104, 112 (1985). Those circumstances include:

1. Police Coercion (a "crucial element")
2. Length of Interrogation
3. Location of Interrogation
4. Continuity of Interrogation
5. Suspect's Maturity
6. Suspect's Education
7. Suspect's Physical Condition & Mental Health
8. Whether Suspect Was Advised of Miranda Rights

*Withrow v. Williams*, 507 U.S. 680, 693-94 (1993). All of the factors involved in the giving of the statement should be closely scrutinized. *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). Without coercive police activity, however, a confession should not be deemed involuntary. *Connelly,* 479 U.S. at 167 ("coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause"). The burden of

7

proving that a confession was obtained involuntarily rests with the petitioner. *See Boles v. Foltz*, 816 F.2d 1132, 1136 (6th Cir. 1987). Voluntariness need only be established by a preponderance of the evidence. *Id.*

In this case, the Michigan Court of Appeals concluded that Petitioner's statement to police was voluntary. *See Jackson*, 2003 WL 22439719 at *2. Having reviewed the record, this Court is convinced that the state court's determination that Petitioner's confession was voluntary is consistent with United States Supreme Court precedent and constitutes a reasonable application thereof. First, Petitioner has failed to establish police coercion. He has not established that police officers threatened him or made promises to him which induced him to make his statement. In fact, his signed statement indicates that no such conduct occurred. Petitioner has not shown that he was physically injured or that any such conduct induced him to give a statement against his will. Petitioner has not established that he was subject to police coercion sufficient to overcome his will.

Moreover, the record indicates that Petitioner was 17 years old at the time he made his police statement, was familiar with the criminal justice system, and had a 10th grade education albeit with a history of special education classes and an elementary school reading level. Petitioner was advised of his *Miranda* rights by three different police officers, read those rights aloud, stated that he understood those rights, and signed a constitutional rights waiver form. There is no evidence that Petitioner's physical or mental condition was impaired at the time he gave his statement. Although Petitioner was in custody for 36 hours before he gave his statement, he was not continuously questioned by police officers and had opportunities to sleep. Petitioner has not allowed visitors or telephone calls, but there is no evidence that he was

8

deprived of food, medical care, or any other necessity for a significant period of time. Accordingly, having scrutinized the relevant factors, the Court is satisfied that Petitioner's confession was voluntary and that his constitutional rights were not violated by the admission of his police statement into evidence at trial. Habeas relief is not warranted on this claim.

    B.    <u>Confrontation Violation Claim</u>

Petitioner next asserts that he is entitled to habeas relief because the admission of co-defendant Tykee Ross's hearsay statements violated his confrontation rights. The Confrontation Clause provides criminal defendants the right to confront and cross-examine witnesses against them. *See, e.g., Davis v. Alaska*, 415 U.S. 308, 315 (1973). The constitutional right to confront adverse witnesses generally prevents a court from admitting an out-of-court statement against a criminal defendant. *See Green*, 399 U.S. at 155-58; *see also Bruton v. United States*, 391 U.S. 123, 126 (1968) (holding that the admission at a joint trial of a co-defendant's confession to police which implicates the defendant violates the Confrontation Clause). The Sixth Amendment protections are not so broad, however, as to exclude the admission of all hearsay statements against a criminal defendant despite his or her inability to confront the declarant at trial. *See Maryland v. Craig*, 497 U.S. 836, 847-48 (1990). The constitutionality of the admission of a hearsay statement depends on whether the statement is testimonial or non-testimonial in nature and on the circumstances surrounding the making of the statement.

In *Crawford v. Washington*, 541 U.S. 36, 54 (2004), the United States Supreme Court held that the *testimonial* statement of a witness who does not appear at trial is inadmissible unless the witness is unavailable to testify and the defendant has had a prior opportunity to

cross-examine the witness. The proper inquiry for deciding whether a statement is testimonial is "whether a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime." *United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2005). In *Crawford*, the Supreme Court ruled that testimonial statements include preliminary hearing testimony, grand jury testimony, prior trial testimony, and statements made during police interrogations. *Crawford*, 541 U.S. at 54. Testimonial statements do not include remarks made to family members or acquaintances, business records, or statements made in furtherance of a conspiracy. *Id*. at 51-52, 56.

In this case, the statements made by co-defendant Ross to his friend, Ramone Neal, are non-testimonial in nature. Thus, *Crawford* is inapplicable to the case at hand. Rather, the proper inquiry governing the admissibility of the non-testimonial hearsay statements is that set forth in *Ohio v. Roberts*, 448 U.S. 56 (1980). *See United States v. Franklin*, 415 F.3d 537, 546 (6th Cir. 2005); *United States v. Gibson*, 409 F.3d 325, 338 (6th Cir. 2005) ("*Crawford*" dealt only with testimonial statements and did not disturb the rule that non-testimonial statements are constitutionally admissible if they bear independent guarantees of trustworthiness."). Under *Roberts*, when a hearsay declarant is unavailable for cross-examination at trial, his or her non-testimonial statement can be admitted if it falls within a firmly-rooted hearsay exception to the hearsay rule, or if it contains particularized guarantees of trustworthiness such that adversarial testing would be expected to add little, if anything, to the statement's reliability. *Roberts*, 448 U.S. at 66.

Applying the *Roberts* standard, the Michigan Court of Appeals concluded that Petitioner's rights were not violated by the admission of co-defendant Ross's statements to

Ramone Neal because those statements were properly admitted as statements against penal interest and they bore adequate indicia of reliability. *See Jackson*, 2003 WL 22439719, *3.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. While the statement-against-penal-interest exception to the hearsay rule may not be firmly-rooted for confrontation purposes, *see Franklin*, 415 U.S. at 545, Ross's statement to Neal nonetheless bore particularized guarantees of trustworthiness so as to justify its admission. Ross's statement was non-testimonial in nature, was made to his friend at the home of a mutual acquaintance, was self-inculpatory as to the robbery, was voluntary, was stated in a narrative form, and was made shortly after the crime. Given these circumstances, the Court concludes that Ross's statement was sufficiently reliable and had particularized guarantees of trustworthiness under *Roberts* such that its admission did not violate Petitioner's confrontation rights. *See Jackson v. Renico*, 179 Fed. Appx. 249, 254-55 (6th Cir. 2006) (applying the *Roberts* standard and concluding that the admission of a co-defendant's statement to a mutual friend, which implicated the defendant in the crime, did not violate the Confrontation Clause); *Scott v. Jamrog*, No. 03-73737, 2006 WL 2811270, *8-10 (E.D. Mich. Sept. 28, 2006) (same). Habeas relief is not warranted on this claim.

## V.     Conclusion and Order

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. The petition shall therefore be denied.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of

11

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Although the Court has concluded that a grant of federal habeas relief is unwarranted in this case, the Court nonetheless finds that Petitioner has made a substantial showing of the denial of a constitutional right as to each of his habeas claims. A certificate of appealability shall therefore be granted.

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH**

**PREJUDICE,** but a certificate of appealability is **GRANTED** as to both habeas claims.

                                                s/John Corbett O'Meara
                                                UNITED STATES DISTRICT JUDGE

Dated: January 11, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 11, 2007, by electronic and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager